SCROGGINS (UNITED STATES v.). See Cases Nos. 16,243 and 16,244.

## Case No. 12,563.

In re SCUDDER et al.

[1 N. Y. Leg. Obs. 325.]

District Court, S. D. New York. 1843.

BANKRUPTCY—PETITION—DENIAL OF BANKRUPTCY —PROOFS.

Where a petition for a decree in invitum was formally answered by the parties against whom it was sought by a denial of the material facts, although an order of reference was taken out by them on objections filed, they were not bound to go on with their proofs. It was incumbent on the creditors (they being the affirmative parties) to support their petition.

This was a proceeding in invitum. The petition was formally answered under oath by the bankrupts [Scudder, Wilcox & Ogden], who alleged that no act of bankruptcy had been committed by them, and an order of reference to Commissioner Campbell was taken out by them on their objections. At the meeting before the commissioner, the counsel for the creditors contended that the parties sought to be declared bankrupts, having filed their objections to the petition for a decree, and having taken out an order of reference on their own behalf, were bound to go on with the proofs. The commissioner decided that the petitioners must first introduce proof to support their proceedings; but, at the instance of counsel, he adjourned the point to the court for direction.

R. M. K. Strong, for bankrupt.
Nash & Noble, for creditors.

BETTS, District Judge. This question was settled, in substance, in the Case of John Harper Smith,—November 12, 1842 [Case No. 12,-994],—in which the court ruled that the proceedings before the commissioner on an issue were to accord substantially with those in similar cases in chancery suits. The English practice in bankruptcy is clearly to the same effect. The creditors' petition is enough to obtain a fiat in the first instance, but when

answered, and brought to hearing, the creditors are bound to support it by testimony, and even, it seems, that if they answer a petition of the debtor to vacate the fiat, the respondents hold the affirmative, and must be the actors in maintaining the issue. Archb. Bankr. (Last Ed.) 367–370; cases cited Com. Dig. "Bankruptcy," D, 1, notes; Petersd. Abr. "Bankruptcy." Our act, like the English statutes of Elizabeth and James, authorizes the proceedings on the petition of a creditor without requiring it to be under oath. But in England the practice is to require the petition to be sworn. Com. Dig. "Bankruptcy," D, 1, note. And now the affidavit of the creditor is required by the act of 3 & 4 William IV. c. 41, § 12. It was accordingly incumbent in this case on the creditors to produce proofs in support of their petition, and it must be certified to the commissioner, that he proceed and take the proofs, the creditors being the affirmative parties thereto.